UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN BOAT RACING ASSOCIATION,<br><br>             Plaintiff,<br><br>    v.<br><br>BOB RICHARDS, JR., et al.,<br><br>             Defendants. | No. 2:14-cv-1909-KJM-KJN<br><br><br>ORDER |

      Presently pending before the court is plaintiff's motion for default judgment, which was filed on January 22, 2015, and is presently set for hearing on February 19, 2015. (ECF No. 13.) Defendants failed to file an opposition to plaintiff's motion in accordance with Local Rule 230(c). After reviewing plaintiff's briefing in support of the motion, and without expressing any opinion concerning its ultimate merits, the court finds that supplemental briefing would be beneficial to the court's resolution of the motion.

      As plaintiff notes, this is a diversity action for breach of contract damages and statutory enforcement of dishonored check damages. According to plaintiff, a Washington State non-profit corporation, the defendants, who are citizens of California, breached an agreement between plaintiff and defendants by failing to pay certain agreed-upon sums due under the agreement, and also tendered two checks in purported partial payment of the agreed-upon sums that were

1

subsequently dishonored for insufficient funds.  The agreement apparently contained a choice-of-law provision stating that it is to be "governed by and construed in all respects in accordance with the laws of Washington State."  (See ECF No. 17 at 29.)

In its motion for default judgment, plaintiff seeks the following relief:  (a) $188,851.00 in breach of contract damages; (b) prejudgment interest at a rate of 12% per annum; (c) $600 in dishonored check penalties; (d) $10,110.00 in attorneys' fees; and (e) $576.25 in filing and service fees.  Plaintiff's briefing assumes, without any supporting legal analysis, that Washington law (as opposed to California and/or federal law), applies to a potential award and computation of prejudgment interest, dishonored check penalties, attorneys' fees, and other costs.  Although the agreement at issue apparently contains a Washington law choice-of-law provision, several forms of relief requested do not appear to be based on the breach of contract claim, but instead on a statutory claim related to the dishonored checks.  However, plaintiff's briefing fails to explain why a claim related to the dishonored checks arises under Washington law, as opposed to California law.[1]

Therefore, plaintiff shall provide the court with supplemental briefing, with citation to relevant statutes, case law, and/or other authorities, addressing why Washington law applies to the potential award and computation of each category of relief requested.

Accordingly, IT IS HEREBY ORDERED that:

1. The February 19, 2015 hearing is vacated.
2. No later than March 5, 2015, plaintiff shall file supplemental briefing in support of the motion for default judgment, as outlined above.
3. Defendants shall file any opposition to the motion for default judgment, including the supplemental briefing, no later than March 19, 2015.
4. Plaintiff may file a reply brief, if any, no later than March 26, 2015.

////

---

[1] By way of example, the law of the state where the bank on which the check was drawn is located may govern.  On the other hand, the law of the state where the check is deposited may govern.  Plaintiff's briefing does not address the issue.

5. Thereafter, the motion will be submitted for decision on the record and written briefing, unless the court subsequently determines that oral argument is necessary.

6. Plaintiff shall forthwith serve a copy of this order on defendants at their last-known address(es).

IT IS SO ORDERED.

Dated:  February 12, 2015

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE